## PLEADING IN ACTION TO RECOVER ON ILLEGAL BRIDGE CONTRACT.

[Common Pleas Court of Franklin County.]

THE STATE OF OHIO, EX REL C. H. HUSTON, PROSECUTING ATTORNEY OF RICHLAND COUNTY, OHIO, v. HUSTON & CLEVELAND, A PARTNERSHIP.

THE STATE OF OHIO, EX REL PETER J. BLOSSER, PROSECUTING ATTORNEY OF ROSS COUNTY, OHIO, v. R. W. HUSTON AND W. N. CLEVELAND, PARTNERS.

THE STATE OF OHIO, EX REL CHARLES U. SHRYOCK, A TAXPAYER, ETC., v. HUSTON & CLEVELAND, A PARTNERSHIP.

THE STATE OF OHIO, EX REL M. S. WEBSTER, A TAXPAYER, ETC., v. HUSTON & CLEVELAND, A PARTNERSHIP.

BOARD OF COUNTY COMMISSIONERS OF LUCAS COUNTY, OHIO, v. HUSTON & CLEVELAND ET AL.

Decided, June 1, 1906.

*Bridge Contracts—Pleading—Certificate under Burns Law—Averment that County Commissioners Confederated with Bridge Company—Failure to File Plans and Specifications—Sections 795, 796, 798 and 1277.*

1. In an action brought by a prosecuting attorney, under Section 1277, to recover back money paid out on an illegal county bridge contract, a motion to strike out will not lie as to an averment that there was no certificate of the county auditor as required by the Burns law that the money required for payment for this bridge was in the bridge fund, or levied, or in process of collection.

2. Nor will such a motion lie as to the averment that the county commissioners combined and confederated with the defendant bridge company in making the contract and stipulating a price to be paid for the bridge which was grossly and unlawfully in excess of the true and reasonable value thereof as the county commissioners and the defendants well knew.

3. But an averment concerning the failure of the commissioners to comply with Section 795, relating to the substructure of bridges, will be stricken out where the action is for recovery of money paid for the superstructure only.

4. It was not the intention of the Legislature that bridges should be contracted for and constructed without any plans and specifications being prepared therefor; and an averment that a contract was entered into without proposals being solicited for a structure in ac-

cordance with any plans whatever, and that no plans were kept on file with the county auditor, is therefore good against a motion to strike out.

BIGGER, J.

. The State, ex rel Huston, against Huston & Cleveland. This is an action brought by the prosecuting attorney of Richland county to recover back money, under the provisions of Section 1277 of Revised Statutes, alleged to have been illegally paid out.

The petitioner seeks to recover back certain sums of money alleged to have been paid out of the public funds to the defendant partnership for a certain bridge and bridge material. It is averred that this contract was illegal and void for several reasons stated in the petition. To this petition the defendants have filed a motion containing twelve separate branches. In so far as any of these several statements of alleged failures upon the part of the commissioners to comply with the law with reference to the letting of bridge contracts are clearly immaterial and irrelevant they may be and ought to be stricken out on motion, but in so far as they are not clearly so they will be allowed to stand to await determination of their sufficiency upon demurrer.

The first branch asks that the averments concerning the failure to comply with the Burns Law be stricken out. The only reason assigned by the defendants for this request is that it is not averred that the bridge fund was the fund from which the money was or should be drawn. But the statute provides for a bridge fund and I think the averment here that there was no certificate of the county auditor, as required by the Burns Law, that the money required for the payment of this bridge was in the bridge fund, or levied, or in process of collection, is sufficient and this is overruled.

The next averment asked to be stricken out is that the defendants and the county commissioners combined and confederated together in the making of the said contract and stipulated a price to be paid for the bridge and the bridge material largely, grossly and unlawfully in excess of the true value thereof, as the county commissioners and the defendants well knew, to the great damage of the county. A fraudulent contract is certainly an illegal contract and the plain purpose of the statute is to

cover back into the treasury money paid out on fraudulent contracts, and if county commissioners and bridge builders enter into unlawful combinations to let bridges at exorbitant prices, it is the plain duty of the prosecuting attorney, when it comes to his attention, to at once proceed to recover the money back.

The third and fourth branches of the motion, which ask that the averments concerning the failure of the commissioners to comply with Section 795 of Revised Statutes be stricken out, is sustained, for the reason that this action is to recover back money paid out for· the superstructure of a bridge, while the provisions of Section 795, relates only to the sub-structure for bridges (Section 796, relating, to superstructures for bridges), and this action being brought to recover back money paid out for superstructure, Section 795 has no relevancy.

The fifth branch is overruled. Section 796 requires that the length and width of the superstructure be determined and whether it shall be single or double track. The sixth is also overruled.

The same section requires proposals to be made for bids. It does not appear that the sub-structure and the superstructure together may exceed an estimated cost of one thousand dollars, in which case it would be necessary to advertise under the requirements of Section 798. That objection must be raised by answer.

·The averments which are asked to be stricken out in the seventh and eighth branches of the motion are that the commissioners wholly failed to invite or to consider any bids or proposals in accordance with the said plans, and that they failed to invite or to consider any bids or proposals upon any plans whatever, nor were any plans kept on file with the county auditor.

Counsel for plaintiff and defendant entertain opposite views with reference to the requirements of Section 796 as to the necessity of plans and specifications. I incline to the view taken by plaintiff's counsel that it was the intent and purpose of the Legislature to require plans and specifications in all cases, either to be prepared by the commissioners or caused to be prepared by them, or at the option of the bidders, to be prepared and submitted by the bidders themselves. It seems to me that the construction of the several sections of this chapter together show

this to be the proper construction, that is, that the county commissioners may cause plans to be prepared themselves, or they may allow the bidders to prepare and furnish their own plans, but that it was not the Legislature's intention to permit bridge structures to be contracted for and constructed without any plans and specifications of any kind.  Taking that view, it seems to require that the court also overrule the objections raised by the other branches of the motion except that the eleventh paragraph or branch of the motion is sustained upon the authority of *Commissioners* against *Railroad Company*, 37th Ohio State, 205, and *Wilder* against *County Commissioners*, 41st Ohio State, 602, striking out these averments of the petition which I have indicated.

I am not clear that any other portion of it is irrelevant.

The State of Ohio, ex rel Blosser, the prosecuting attorney of Ross county, against Huston & Cleveland.  In this case the the same motion, practically, is made as in the last, and the rulings are the same.

There is also an additional averment, however, in this petition, to the effect that the defendant belonged to a trust or combination, the purpose of which was to increase, control and regulate the prices at which such bridges should be sold, and that, in pursuance to this combination, and in carrying it out, this contract was made.  This, I think, raises an immaterial issue and should be stricken out.  The validity of this contract must depend upon its terms and conditions, and not upon the validity or invalidity of some other contract which these defendants may have had with other persons.  If they were members of such a combination they may be punished as provided by law, but the fact that they might belong to such a combination would not render the contract void if made in accordance with the statutes of the state, and for a fair and reasonable price, and free from fraudulent combination between the commissioners and the defendants.  For fraudulent combination between the commissioners and the defendants, the contract may be declared void, but not because of some other contract which might be illegal.  The real issue should not be confused and obscured by the raising of immaterial issues, and this averment is also stricken out.

The State of Ohio, ex rel Blosser, the prosecuting attorney of Muskingum county, against Huston & Cleveland. The same questions are raised in this case as in State, ex rel Huston, against Huston & Cleveland, and the rulings are the same.

The same is true of the case of The State, ex rel Webster, against Huston & Cleveland.

The Board of County Commissioners of Lucas County against Huston & Cleveland. In this case the motion is overruled. There is a portion of it which is irrelevant, and if it had been asked to be stricken out without joining with it other matter which I think is, or may be, immaterial, it would have been ordered stricken out, but the defendants asked to have matter stricken out with it which I am not clear is immaterial. For this reason, the motion is overruled.

*Laser, Huston & Marquis,* for plaintiffs.

*B. G. Watson,* for defendants.